1 CHRISTOPHER B. QUEALLY (SBN 229154)
cqueally@grsm.com
2 PHILIP H. LO (SBN 178538)
plo@grsm.com
3 GORDON REES SCULLY MANSUKHANI, LLP
2211 Michelson Drive, Suite 400
4 Irvine, CA 92612
Telephone: (949) 255-6987
5 Facsimile:  (949) 474-2060
6
Attorneys for Defendants
7 ASI CORPORATION, ASI COMPUTER TECHNOLOGIES, INC., and
CHRISTINE LIANG
8
UNITED STATES DISTRICT COURT
9
CENTRAL DISTRICT OF CALIFORNIA
10
WESTERN DIVISION
11

| | |
|---|---|
| INDUSTRIAL BANK OF KOREA; an agency or instrumentality of the Republic of Korea NONGHYUP BANK; a corporation of the Republic of Korea; KEB HANA BANK, a corporation of the Republic of Korea; KOOKMIN BANK, a corporation of the Republic of Korea,<br><br>                                    Plaintiffs,<br><br>ASI CORPORATION, a Delaware corporation; ASI COMPUTER TECHNOLOGIES, INC., a California corporation; BILL CHEN, an individual; HENRY CHEN a/k/a HUNG CHEN, an individual; FRANCES CHOU a/k/a FRANCES MEI LING CHOU, an individual; CHRISTINE LIANG a/k/a CHRISTINE LI-YIN LIANG a/k/a LI YIN CHU, an individual, NEWEGG, INC., a Delaware Corporation; MAGNELL ASSOCIATE INC., DBA NEWEGG.COM and ABS COMPUTER TECHNOLOGIES, a California Corporation; and DOES 1 through 10, inclusive,<br><br>                                    Defendants. | CASE NO.  2:17-cv-07646 MWF (JPR)<br><br>**JOINT ANSWER OF DEFENDANTS ASI CORPORATION, ASI COMPUTER TECHNOLOGIES, INC., AND CHRISTINE LIANG TO THE SECOND AMENDED COMPLAINT OF PLAINTIFFS INDUSTRIAL BANK OF KOREA, NONGHYUP BANK, KEB HANA BANK, AND KOOKMIN BANK AND DEMAND FOR JURY TRIAL**<br><br>Judge:  Hon. Michael W. Fitzgerald<br>Ctrm:   5A<br><br><br>Complaint filed: October 18, 2017 |

*(sidebar)* Gordon Rees Scully Mansukhani, LLP · 2211 Michelson Drive · Suite 400 · Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1    Defendants ASI Corporation, ASI Computer Technologies, Inc. (hereinafter

2  individually "ASI"), and Christine Liang (hereinafter collectively "the ASI

3  Defendants") by and through their undersigned counsel, jointly answer the Second

4  Amended Complaint ("SAC") of Plaintiffs Industrial Bank of Korea ("IBK"),

5  Nonghyup Bank ("NH"), KEB Hana Bank ("KEB") and Kookmin Bank ("KB,"

6  and together with IBK, NH and KEB, collectively "Plaintiffs" or "the Banks") as

7  follows:

8    1.    The ASI Defendants admit that Hong-Seok Park, also known as

9  "Harold" Park  and identified in the SAC as HS Park was prosecuted, convicted

10  and imprisoned in the Republic of Korea (hereinafter "South Korea").  The ASI

11  Defendants lack knowledge or information sufficient to form a belief as to the truth

12  or falsity of the remaining allegations in paragraph 1 of the Second Amended

13  Complaint and therefore deny them.

14    2.    The ASI Defendants deny the ASI Defendants assisted Moneual, Inc.

15  (hereinafter "Moneual") in fraudulently securing more than $3 billion USD in

16  loans from ten major Korean banks, including Plaintiffs, through an intricate

17  scheme of circular transactions designed to conceal their true nature.  The ASI

18  Defendants lack knowledge or information sufficient to form a belief as to the truth

19  or falsity of the remaining allegations in paragraph 2 of the Second Amended

20  Complaint and therefore deny them.

21    3.    The ASI Defendants deny participating in any scheme of Moneual,

22  issuing fraudulent purchase orders, or intending for Moneual to use fraudulent

23  purchase orders to lure the Banks into purchasing export receivables in exchange

24  for loans or advances.  The ASI Defendants lack knowledge or information

25  sufficient to form a belief as to the truth or falsity of the remaining allegations in

26  paragraph 3 of the Second Amended Complaint and therefore deny them.

27    4.    The ASI Defendants deny the ASI Defendants received kickbacks

28  from Moneual in any amounts in exchange for agreeing to collude with Moneual to

-1-

**Gordon Rees Scully Mansukhani, LLP**
**2211 Michelson Drive**
**Suite 400**
**Irvine, CA 92612**

defraud the Banks.  The ASI Defendants deny the ASI Defendants colluded with Moneual to defraud Plaintiffs.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 4 of the Second Amended Complaint and therefore deny them.

5.     The ASI Defendants deny the ASI Defendants were key participants in any fraudulent scheme of Moneual.  The ASI Defendants deny the ASI Defendants accepted hundreds of thousands, or millions, of dollars in kickbacks for any reason.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 5 of the Second Amended Complaint and therefore deny them.

6.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Second Amended Complaint and therefore deny them.

7.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Second Amended Complaint and therefore deny them.

8.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Second Amended Complaint and therefore deny them.

9.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Second Amended Complaint and therefore deny them.

10.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Second Amended Complaint and therefore deny them.

11.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Second Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

12.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Second Amended Complaint and therefore deny them.

13.     The ASI Defendants deny that ASI Corporation is presently a Delaware corporation.  The ASI Defendants admit ASI Corporation was formerly a corporation organized under the laws of the State of Delaware, but was dissolved in approximately 2002.  The ASI Defendants admit ASI is a corporation organized under the laws of the State of California.  The ASI Defendants admit that ASI was founded by Christine Liang, ASI's President, in approximately 1987.  The ASI Defendants admit that "ASI Corp." is currently a fictitious business name which is sometimes used by ASI.  The ASI Defendants admit that ASI maintains an office at 19850 E. Business Parkway, Walnut, California 91789.  The ASI Defendants deny that ASI currently treats its officers, directors, employees or agents as affiliated interchangeably with either or both of ASI Corporation and ASI.  The ASI Defendants admit that the domain @asipartner.com is that of ASI, and that when ASI uses "ASI Corp." as a dba the same domain is typically used.  The ASI Defendants admit that ASI is a distributor of information technology hardware and software products.  The ASI Defendants admit ASI currently has over 500 employees and has operations in four countries.  The ASI Defendants admit ASI has approximately 13 locations in the continental U.S. and Canada.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 13 of the Second Amended Complaint and therefore deny them.

14.     The ASI Defendants admit that Bill Chen worked for ASI Corporation from approximately 1998 to approximately 2001, and then for ASI from approximately 2001 to approximately November 2014.  The ASI Defendants admit that Bill Chen became the Vice President, Finance for ASI in approximately 2005 and held such title until November 2014 when Bill Chen left ASI.  The ASI

-3-

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 14 of the Second Amended Complaint and therefore deny them.

15.    The ASI Defendants admit that Henry Chen previously worked for ASI until approximately March 9, 2018, and that Henry Chen's title was Vice President of Business Development when Henry Chen separated from ASI.  The ASI Defendants deny Henry Chen was an officer of ASI.  The ASI Defendants admit that Henry Chen was a resident and citizen of California as of the last day of Henry Chen's employment with ASI.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 15 of the Second Amended Complaint and therefore deny them.

16.    The ASI Defendants deny Frances Chou a/k/a Mei Ling Chou a/k/a Frances Meiling Chou was a director or agent of ASI.  The ASI Defendants deny Frances Chou a/k/a Mei Ling Chou a/k/a Frances Meiling Chou was authorized to act on behalf of ASI.  The ASI Defendants deny Frances Chou a/k/a Mei Ling Chou a/k/a Frances Meiling Chou was authorized to enter into contracts on ASI's behalf.  The ASI Defendants allege Frances Chou was at all times relevant an independent contractor pursuant to written agreements between ASI and Webtouch, Inc.  The ASI Defendants allege the written agreements specified Frances Chou was an independent contractor, not an agent.  The ASI Defendants are informed and believe and thereon allege Frances Chou had her own consulting business, Webtouch, Inc., which took on clients separate from ASI, including Moneual, during the relevant time period.  The ASI Defendants are informed and believe and thereon allege that, unbeknownst to ASI, Frances Chou was an employee and agent of Moneual, worked as the personal secretary of Harold Park, accepted thousands of dollars in kickbacks from Harold Park, assisted Moneual's subsidiaries in locating office space in California, sold Moneual products in

-4-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

**Gordon Rees Scully Mansukhani, LLP**
**2211 Michelson Drive**
**Suite 400**
**Irvine, CA 92612**

Taiwan, and engaged in other activities without the knowledge, consent or approval of ASI, and that such activities were adverse to ASI.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 16 of the Second Amended Complaint and therefore deny them.

17.   The ASI Defendants admit that Christine Liang was and is the President of ASI and a citizen and resident of California.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17 of the Second Amended Complaint and therefore deny them.

18.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Second Amended Complaint and therefore deny them.

19.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Second Amended Complaint and therefore deny them.

20.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Second Amended Complaint and therefore deny them.

21.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Second Amended Complaint and therefore deny them.

22.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Second Amended Complaint and therefore deny them.

23.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Second Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

24.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Second Amended Complaint and therefore deny them.

25.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Second Amended Complaint and therefore deny them.

26.    The ASI Defendants admit that ASI purchased products from Moneual.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 26 of the Second Amended Complaint and therefore deny them.

27.    The ASI Defendants admit HS Park a/k/a Harold Park was the CEO of Moneual.  The ASI Defendants admit Harold Park was serving a prison sentence in South Korea as of February 28, 2018.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 27 of the Second Amended Complaint and therefore deny them.

28.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Second Amended Complaint and therefore deny them.

29.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Second Amended Complaint and therefore deny them.

30.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Second Amended Complaint and therefore deny them.

31.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Second Amended Complaint and therefore deny them.

32.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Second Amended Complaint and therefore deny them.

33.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the Second Amended Complaint and therefore deny them.

34.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Second Amended Complaint and therefore deny them.

35.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Second Amended Complaint and therefore deny them.

36.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Second Amended Complaint and therefore deny them.

37.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Second Amended Complaint and therefore deny them.

38.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Second Amended Complaint and therefore deny them.

39.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Second Amended Complaint and therefore deny them.

40.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Second Amended Complaint and therefore deny them.

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA  92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

41.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Second Amended Complaint and therefore deny them.

42.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Second Amended Complaint and therefore deny them.

43.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Second Amended Complaint and therefore deny them.

44.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Second Amended Complaint and therefore deny them.

45.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Second Amended Complaint and therefore deny them.

46.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 46 of the Second Amended Complaint and therefore deny them.

47.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Second Amended Complaint and therefore deny them.

48.      The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Second Amended Complaint and therefore deny them.

49.     The ASI Defendants deny the ASI Defendants issued fraudulent purchase orders.  The ASI Defendants deny the ASI Defendants received any funds based on fraudulent purchase orders.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

-8-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

allegations in paragraph 49 of the Second Amended Complaint and therefore deny them.

50.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Second Amended Complaint and therefore deny them.

51.   The ASI Defendants admit a company called ASI Computer Technologies HK Ltd. is a former subsidiary of ASI.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 51 of the Second Amended Complaint and therefore deny them.

52.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 of the Second Amended Complaint and therefore deny them.

53.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Second Amended Complaint and therefore deny them.

54.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Second Amended Complaint and therefore deny them.

55.   The ASI Defendants deny Bill Chen ever held the title of CFO or Chief Financial Officer.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 55 of the Second Amended Complaint and therefore deny them.

56.   The ASI Defendants deny Henry Chen ever held the title Vice President of Sales.  The ASI Defendants deny Frances Chou was ever a director or agent of ASI.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 56 of the Second Amended Complaint and therefore deny them.

**Gordon Rees Scully Mansukhani, LLP**
2211 Michelson Drive
Suite 400
Irvine, CA 92612

57.    The ASI Defendants deny ASI entered into an OEM Supply Agreement with Moneual.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 57 of the Second Amended Complaint and therefore deny them. The ASI Defendants are informed and believe allege thereon that Chol Wook ("Charlie") Shin, a former vice president of Moneual, testified at deposition in the Chuncheon District Court in South Korea, on January 26, 2018, pursuant to a Letter Rogatory issued by this Court, that he was the one who created the November 1, 2013 OEM Supply Agreement.  Charlie Shin further admitted he could not remember speaking with anyone from ASI about the OEM Supply Agreement which Mr. Shin manufactured.

58.    The ASI Defendants deny ASI entered into an OEM Supply Agreement with Moneual.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 58 of the Second Amended Complaint and therefore deny them. The ASI Defendants are informed and believe allege thereon that Chol Wook ("Charlie") Shin, a former vice president of Moneual, testified at deposition in the Chuncheon District Court in South Korea, on January 26, 2018, pursuant to a Letter Rogatory issued by this Court, that he was the one who created the November 1, 2013 OEM Supply Agreement.  Charlie Shin further admitted he could not remember speaking with anyone from ASI about the OEM Supply Agreement which Mr. Shin manufactured.

59.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Second Amended Complaint and therefore deny them.

60.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 of the Second Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1    61.    The ASI Defendants deny knowledge or information sufficient to
2    form a belief as to the truth or falsity of the allegations in paragraph 61 of the
3    Second Amended Complaint and therefore deny them.

4    62.    The ASI Defendants deny knowledge or information sufficient to
5    form a belief as to the truth or falsity of the allegations in paragraph 62 of the
6    Second Amended Complaint and therefore deny them.

7    63.    The ASI Defendants deny knowledge or information sufficient to
8    form a belief as to the truth or falsity of the allegations in paragraph 63 of the
9    Second Amended Complaint and therefore deny them.

10    64.    The ASI Defendants deny knowledge or information sufficient to
11    form a belief as to the truth or falsity of the allegations in paragraph 64 of the
12    Second Amended Complaint and therefore deny them.

13    65.    The ASI Defendants deny knowledge or information sufficient to
14    form a belief as to the truth or falsity of the allegations in paragraph 65 of the
15    Second Amended Complaint and therefore deny them.

16    66.    The ASI Defendants deny knowledge or information sufficient to
17    form a belief as to the truth or falsity of the allegations in paragraph 65 of the
18    Second Amended Complaint and therefore deny them.

19    67.    The ASI Defendants deny knowledge or information sufficient to
20    form a belief as to the truth or falsity of the allegations in paragraph 67 of the
21    Second Amended Complaint and therefore deny them.

22    68.    The ASI Defendants deny knowledge or information sufficient to
23    form a belief as to the truth or falsity of the allegations in paragraph 68 of the
24    Second Amended Complaint and therefore deny them.

25    69.    The ASI Defendants deny knowledge or information sufficient to
26    form a belief as to the truth or falsity of the allegations in paragraph 69 of the
27    Second Amended Complaint and therefore deny them.

28    ///

70.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70 of the Second Amended Complaint and therefore deny them.

71.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Second Amended Complaint and therefore deny them.

72.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Second Amended Complaint and therefore deny them.

73.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Second Amended Complaint and therefore deny them.

74.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74 of the Second Amended Complaint and therefore deny them.

75.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 of the Second Amended Complaint and therefore deny them.

76.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76 of the Second Amended Complaint and therefore deny them.

77.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 of the Second Amended Complaint and therefore deny them.

78.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 of the Second Amended Complaint and therefore deny them.

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA  92612

79.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Second Amended Complaint and therefore deny them.

80.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Second Amended Complaint and therefore deny them.

81.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Second Amended Complaint and therefore deny them.

82.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Second Amended Complaint and therefore deny them.

83.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83 of the Second Amended Complaint and therefore deny them.

84.     The ASI Defendants deny the ASI Defendants assisted Moneual in creating or attempting to create the illusion that Moneual operated a genuine export business with legitimate customers and transactions so that the Banks would continue to finance Moneual's receivables.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 84 of the Second Amended Complaint and therefore deny them.

85.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85 of the Second Amended Complaint and therefore deny them.

86.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86 of the Second Amended Complaint and therefore deny them.

-13-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

87.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Second Amended Complaint and therefore deny them.

88.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 of the Second Amended Complaint and therefore deny them.

89.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Second Amended Complaint and therefore deny them.

90.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90 of the Second Amended Complaint and therefore deny them.

91.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91 of the Second Amended Complaint and therefore deny them.

92.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Second Amended Complaint and therefore deny them.

93.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 of the Second Amended Complaint and therefore deny them.

94.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94 of the Second Amended Complaint and therefore deny them.

95.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 95 of the Second Amended Complaint and therefore deny them.

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

96.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 of the Second Amended Complaint and therefore deny them.

97.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 97 of the Second Amended Complaint and therefore deny them.

98.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98 of the Second Amended Complaint and therefore deny them.

99.     The ASI Defendants admit that from approximately 2007 to 2009, ASI or its former subsidiary made payments to IBK.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 99 of the Second Amended Complaint and therefore deny them.

100.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 100 of the Second Amended Complaint and therefore deny them.

101.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 101 of the Second Amended Complaint and therefore deny them.

102.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102 of the Second Amended Complaint and therefore deny them.

103.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103 of the Second Amended Complaint and therefore deny them.

104.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 104 of the Second

1   Amended Complaint and therefore deny them.

2       105.   The ASI Defendants admit that from approximately 2007 to 2009,

3   ASI or its former subsidiary made payments to IBK.  The ASI Defendants lack

4   knowledge or information sufficient to form a belief as to the truth or falsity of the

5   remaining allegations in paragraph 105 of the Second Amended Complaint and

6   therefore deny them.

7       106.   The ASI Defendants deny that payment was due from ASI on the

8   purchase orders alleged between September 2014 and January 2015.  The ASI

9   Defendants deny that Frances Chou was ever a Director of ASI.  The ASI

10  Defendants deny that ASI has never contested that ASI issued the sixty purchase

11  orders.  The ASI Defendants lack knowledge or information sufficient to form a

12  belief as to the truth or falsity of the remaining allegations in paragraph 106 of the

13  Second Amended Complaint and therefore deny them.

14      107.   The ASI Defendants deny that Frances Chou was ever a Director of

15  ASI.  The ASI Defendants lack knowledge or information sufficient to form a

16  belief as to the truth or falsity of the remaining allegations in paragraph 107 of the

17  Second Amended Complaint and therefore deny them.

18      108.   The ASI Defendants deny the forty open invoices ever became

19  outstanding from ASI to IBK.  The ASI Defendants lack knowledge or information

20  sufficient to form a belief as to the truth or falsity of the remaining allegations in

21  paragraph 108 of the Second Amended Complaint and therefore deny them.

22      109.   The ASI Defendants deny the ASI Defendants owe any sum to IBK.

23  The ASI Defendants lack knowledge or information sufficient to form a belief as to

24  the truth or falsity of the remaining allegations in paragraph 109 of the Second

25  Amended Complaint and therefore deny them.

26      110.   The ASI Defendants lack knowledge or information sufficient to form

27  a belief as to the truth or falsity of the allegations in paragraph 110 of the Second

28  Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA  92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA  92612

111.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 110 of the Second Amended Complaint and therefore deny them.

112.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 112 of the Second Amended Complaint and therefore deny them.

113.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 113 of the Second Amended Complaint and therefore deny them.

114.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 114 of the Second Amended Complaint and therefore deny them.

115.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 115 of the Second Amended Complaint and therefore deny them.

116.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 116 of the Second Amended Complaint and therefore deny them.

117.   The ASI Defendants deny ASI ever entered into a Supply Agreement with Moneual. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 117 of the Second Amended Complaint and therefore deny them.

118.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 118 of the Second Amended Complaint and therefore deny them.

119.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 119 of the Second Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

120.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 120 of the Second Amended Complaint and therefore deny them.

121.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 121 of the Second Amended Complaint and therefore deny them.

122.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 122 of the Second Amended Complaint and therefore deny them.

123.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123 of the Second Amended Complaint and therefore deny them.

124.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 124 of the Second Amended Complaint and therefore deny them.

125.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 125 of the Second Amended Complaint and therefore deny them.

126.   The ASI Defendants deny Frances Chou was a Director of ASI.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 126 of the Second Amended Complaint and therefore deny them.

127.   The ASI Defendants deny Frances Chou was a Director of ASI.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 127 of the Second Amended Complaint and therefore deny them.

128.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 128 of the Second

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., AND CHRISTINE LIANG'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT                                          CASE NO: 2:17-cv-07646-MWF-JPR

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

Amended Complaint and therefore deny them.

129.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 129 of the Second Amended Complaint and therefore deny them.

130.   The ASI Defendants deny a payment was due from ASI on October 21, 2014.  The ASI Defendants deny ASI defaulted on a payment to Moneual or NH.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 130 of the Second Amended Complaint and therefore deny them.

131.   The ASI Defendants deny Frances Chou was a Director of ASI.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 131 of the Second Amended Complaint and therefore deny them.

132.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 132 of the Second Amended Complaint and therefore deny them.

133.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 133 of the Second Amended Complaint and therefore deny them.

134.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 134 of the Second Amended Complaint and therefore deny them.

135.   The ASI Defendants deny a payment was due from ASI on January 2, 2015.  The ASI Defendants deny ASI defaulted on a payment to Moneual or NH. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 135 of the Second Amended Complaint and therefore deny them.

///

-19-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA  92612

1   136.   The ASI Defendants lack knowledge or information sufficient to form

2   a belief as to the truth or falsity of the allegations in paragraph 136 of the Second

3   Amended Complaint and therefore deny them.

4   137.   The ASI Defendants lack knowledge or information sufficient to form

5   a belief as to the truth or falsity of the allegations in paragraph 137 of the Second

6   Amended Complaint and therefore deny them.

7   138.   The ASI Defendants lack knowledge or information sufficient to form

8   a belief as to the truth or falsity of the allegations in paragraph 138 of the Second

9   Amended Complaint and therefore deny them.

10   139.   The ASI Defendants lack knowledge or information sufficient to form

11   a belief as to the truth or falsity of the allegations in paragraph 139 of the Second

12   Amended Complaint and therefore deny them.

13   140.   The ASI Defendants lack knowledge or information sufficient to form

14   a belief as to the truth or falsity of the allegations in paragraph 140 of the Second

15   Amended Complaint and therefore deny them.

16   141.   The ASI Defendants lack knowledge or information sufficient to form

17   a belief as to the truth or falsity of the allegations in paragraph 141 of the Second

18   Amended Complaint and therefore deny them.

19   142.   The ASI Defendants lack knowledge or information sufficient to form

20   a belief as to the truth or falsity of the allegations in paragraph 142 of the Second

21   Amended Complaint and therefore deny them.

22   143.   The ASI Defendants lack knowledge or information sufficient to form

23   a belief as to the truth or falsity of the allegations in paragraph 143 of the Second

24   Amended Complaint and therefore deny them.

25   144.   The ASI Defendants lack knowledge or information sufficient to form

26   a belief as to the truth or falsity of the allegations in paragraph 144 of the Second

27   Amended Complaint and therefore deny them.

28   ///

145.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 146 of the Second Amended Complaint and therefore deny them.

146.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 146 of the Second Amended Complaint and therefore deny them.

147.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 147 of the Second Amended Complaint and therefore deny them.

148.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 148 of the Second Amended Complaint and therefore deny them.

149.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 149 of the Second Amended Complaint and therefore deny them.

150.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 150 of the Second Amended Complaint and therefore deny them.

151.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 146 of the Second Amended Complaint and therefore deny them.

152.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 152 of the Second Amended Complaint and therefore deny them.

153.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 153 of the Second Amended Complaint and therefore deny them.

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA  92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

154.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 154 of the Second Amended Complaint and therefore deny them.

155.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 155 of the Second Amended Complaint and therefore deny them.

156.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 156 of the Second Amended Complaint and therefore deny them.

157.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 157 of the Second Amended Complaint and therefore deny them.

158.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 158 of the Second Amended Complaint and therefore deny them.

159.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 159 of the Second Amended Complaint and therefore deny them.

160.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 160 of the Second Amended Complaint and therefore deny them.

161.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 161 of the Second Amended Complaint and therefore deny them.

162.   The ASI Defendants deny ASI owes NH or Moneual any amount of unpaid receivable.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 162 of the Second Amended Complaint and therefore deny them.

163. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 163 of the Second Amended Complaint and therefore deny them.

164. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 164 of the Second Amended Complaint and therefore deny them.

165. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 165 of the Second Amended Complaint and therefore deny them.

166. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 166 of the Second Amended Complaint and therefore deny them.

167. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 167 of the Second Amended Complaint and therefore deny them.

168. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 168 of the Second Amended Complaint and therefore deny them.

169. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 169 of the Second Amended Complaint and therefore deny them.

170. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 170 of the Second Amended Complaint and therefore deny them.

171. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 171 of the Second Amended Complaint and therefore deny them.

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

-23-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

172.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 172 of the Second Amended Complaint and therefore deny them.

173.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 173 of the Second Amended Complaint and therefore deny them.

174.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 174 of the Second Amended Complaint and therefore deny them.

175.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 175 of the Second Amended Complaint and therefore deny them.

176.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 176 of the Second Amended Complaint and therefore deny them.

177.   The ASI Defendants admit that from approximately 2012 to 2014, ASI or its former subsidiary made payments to KEB.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 177 of the Second Amended Complaint and therefore deny them.

178.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 178 of the Second Amended Complaint and therefore deny them.

179.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 179 of the Second Amended Complaint and therefore deny them.

180.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 180 of the Second

-24-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1   Amended Complaint and therefore deny them.

2   181.   The ASI Defendants lack knowledge or information sufficient to form

3   a belief as to the truth or falsity of the allegations in paragraph 181 of the Second

4   Amended Complaint and therefore deny them.

5   182.   The ASI Defendants lack knowledge or information sufficient to form

6   a belief as to the truth or falsity of the allegations in paragraph 182 of the Second

7   Amended Complaint and therefore deny them.

8   183.   The ASI Defendants deny payments from ASI to KEB or Moneual on

9   any of the goods was ever due.   The ASI Defendants deny ASI defaulted.  The

10   ASI Defendants lack knowledge or information sufficient to form a belief as to the

11   truth or falsity of the remaining allegations in paragraph 183 of the Second

12   Amended Complaint and therefore deny them.

13   184.   The ASI Defendants lack knowledge or information sufficient to form

14   a belief as to the truth or falsity of the allegations in paragraph 184 of the Second

15   Amended Complaint and therefore deny them.

16   185.   The ASI Defendants lack knowledge or information sufficient to form

17   a belief as to the truth or falsity of the allegations in paragraph 185 of the Second

18   Amended Complaint and therefore deny them.

19   186.   The ASI Defendants lack knowledge or information sufficient to form

20   a belief as to the truth or falsity of the allegations in paragraph 186 of the Second

21   Amended Complaint and therefore deny them.

22   187.   The ASI Defendants lack knowledge or information sufficient to form

23   a belief as to the truth or falsity of the allegations in paragraph 187 of the Second

24   Amended Complaint and therefore deny them.

25   188.   The ASI Defendants lack knowledge or information sufficient to form

26   a belief as to the truth or falsity of the allegations in paragraph 188 of the Second

27   Amended Complaint and therefore deny them.

28   ///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

189.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 189 of the Second Amended Complaint and therefore deny them.

190.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 190 of the Second Amended Complaint and therefore deny them.

191.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 191 of the Second Amended Complaint and therefore deny them.

192.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 192 of the Second Amended Complaint and therefore deny them.

193.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 193 of the Second Amended Complaint and therefore deny them.

194.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 194 of the Second Amended Complaint and therefore deny them.

195.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 195 of the Second Amended Complaint and therefore deny them.

196.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 196 of the Second Amended Complaint and therefore deny them.

197.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 197 of the Second Amended Complaint and therefore deny them.

///

198.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 198 of the Second Amended Complaint and therefore deny them.

199.   The ASI Defendants deny ASI owes payment to Moneual or KEB on any receivables.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 199 of the Second Amended Complaint and therefore deny them.

200.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 200 of the Second Amended Complaint and therefore deny them.

201.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 201 of the Second Amended Complaint and therefore deny them.

202.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 202 of the Second Amended Complaint and therefore deny them.

203.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 203 of the Second Amended Complaint and therefore deny them.

204.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 204 of the Second Amended Complaint and therefore deny them.

205.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 205 of the Second Amended Complaint and therefore deny them.

206.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 206 of the Second Amended Complaint and therefore deny them.

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., AND CHRISTINE LIANG'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT                    CASE NO: 2:17-cv-07646-MWF-JPR

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1    207.   The ASI Defendants lack knowledge or information sufficient to form

2  a belief as to the truth or falsity of the allegations in paragraph 207 of the Second

3  Amended Complaint and therefore deny them.

4    208.   The ASI Defendants lack knowledge or information sufficient to form

5  a belief as to the truth or falsity of the allegations in paragraph 208 of the Second

6  Amended Complaint and therefore deny them.

7    209.   The ASI Defendants lack knowledge or information sufficient to form

8  a belief as to the truth or falsity of the allegations in paragraph 209 of the Second

9  Amended Complaint and therefore deny them.

10    210.   The ASI Defendants lack knowledge or information sufficient to form

11  a belief as to the truth or falsity of the allegations in paragraph 210 of the Second

12  Amended Complaint and therefore deny them.

13    211.   The ASI Defendants lack knowledge or information sufficient to form

14  a belief as to the truth or falsity of the allegations in paragraph 211 of the Second

15  Amended Complaint and therefore deny them.

16    212.   The ASI Defendants lack knowledge or information sufficient to form

17  a belief as to the truth or falsity of the allegations in paragraph 212 of the Second

18  Amended Complaint and therefore deny them.

19    213.   The ASI Defendants lack knowledge or information sufficient to form

20  a belief as to the truth or falsity of the allegations in paragraph 213 of the Second

21  Amended Complaint and therefore deny them.

22    214.   The ASI Defendants lack knowledge or information sufficient to form

23  a belief as to the truth or falsity of the allegations in paragraph 214 of the Second

24  Amended Complaint and therefore deny them.

25    215.   The ASI Defendants lack knowledge or information sufficient to form

26  a belief as to the truth or falsity of the allegations in paragraph 215 of the Second

27  Amended Complaint and therefore deny them.

28  ///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

-28-

216.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 216 of the Second Amended Complaint and therefore deny them.

217.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 217 of the Second Amended Complaint and therefore deny them.

218.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 218 of the Second Amended Complaint and therefore deny them.

219.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 219 of the Second Amended Complaint and therefore deny them.

220.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 220 of the Second Amended Complaint and therefore deny them.

221.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 221 of the Second Amended Complaint and therefore deny them.

222.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 222 of the Second Amended Complaint and therefore deny them.

223.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 223 of the Second Amended Complaint and therefore deny them.

224.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 224 of the Second Amended Complaint and therefore deny them.

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

-29-

225.   The ASI Defendants deny that payment for goods was due from ASI to Moneual or KB.  The ASI defendants deny that ASI defaulted on payment to Moneual or KB.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 225 of the Second Amended Complaint and therefore deny them.

226.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 226 of the Second Amended Complaint and therefore deny them.

227.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 227 of the Second Amended Complaint and therefore deny them.

228.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 228 of the Second Amended Complaint and therefore deny them.

229.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 229 of the Second Amended Complaint and therefore deny them.

230.   The ASI Defendants deny payment was due from ASI. The ASI Defendants deny that ASI defaulted on payments due to Moneual or KB.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 230 of the Second Amended Complaint and therefore deny them.

231.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 231 of the Second Amended Complaint and therefore deny them.

232.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 232 of the Second Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

233.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 233 of the Second Amended Complaint and therefore deny them.

234.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 234 of the Second Amended Complaint and therefore deny them.

235.   The ASI Defendants deny payment was due from ASI.  The ASI Defendants deny ASI defaulted on payment to KB or Moneual.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 235 of the Second Amended Complaint and therefore deny them.

236.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 236 of the Second Amended Complaint and therefore deny them.

237.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 237 of the Second Amended Complaint and therefore deny them.

238.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 238 of the Second Amended Complaint and therefore deny them.

239.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 239 of the Second Amended Complaint and therefore deny them.

240.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 240 of the Second Amended Complaint and therefore deny them.

241.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 241 of the Second

**Gordon Rees Scully Mansukhani, LLP**
2211 Michelson Drive
Suite 400
Irvine, CA  92612

1    Amended Complaint and therefore deny them.

2         242.   The ASI Defendants lack knowledge or information sufficient to form

3    a belief as to the truth or falsity of the allegations in paragraph 242 of the Second

4    Amended Complaint and therefore deny them.

5         243.   The ASI Defendants lack knowledge or information sufficient to form

6    a belief as to the truth or falsity of the allegations in paragraph 243 of the Second

7    Amended Complaint and therefore deny them.

8         244.   The ASI Defendants lack knowledge or information sufficient to form

9    a belief as to the truth or falsity of the allegations in paragraph 244 of the Second

10   Amended Complaint and therefore deny them.

11        245.   The ASI Defendants lack knowledge or information sufficient to form

12   a belief as to the truth or falsity of the allegations in paragraph 245 of the Second

13   Amended Complaint and therefore deny them.

14        246.   The ASI Defendants lack knowledge or information sufficient to form

15   a belief as to the truth or falsity of the allegations in paragraph 246 of the Second

16   Amended Complaint and therefore deny them.

17        247.   The ASI Defendants lack knowledge or information sufficient to form

18   a belief as to the truth or falsity of the allegations in paragraph 247 of the Second

19   Amended Complaint and therefore deny them.

20        248.   The ASI Defendants lack knowledge or information sufficient to form

21   a belief as to the truth or falsity of the allegations in paragraph 248 of the Second

22   Amended Complaint and therefore deny them.

23        249.   The ASI Defendants lack knowledge or information sufficient to form

24   a belief as to the truth or falsity of the allegations in paragraph 249 of the Second

25   Amended Complaint and therefore deny them.

26        250.   The ASI Defendants lack knowledge or information sufficient to form

27   a belief as to the truth or falsity of the allegations in paragraph 250 of the Second

28   Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

-32-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

251.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 251 of the Second Amended Complaint and therefore deny them.

252.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 252 of the Second Amended Complaint and therefore deny them.

253.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 253 of the Second Amended Complaint and therefore deny them.

254.   The ASI Defendants admit that on or about October 20, 2014, Moneual filed for receivership in South Korea.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 254 of the Second Amended Complaint and therefore deny them.

255.   The ASI Defendants admit that the Korea Customs Service conducted an investigation of Moneual's activities and prepared an investigation report.  The ASI Defendants admit that the Seoul district prosecutor's office indicted Harold Park and other Moneual employees on January 23, 2015.  The ASI Defendants admit the indictment charged that Moneual employees had caused Moneual to execute large-scale fraud schemes using circular transactions. The ASI Defendants admit the indictment further charged that Moneual had greatly exaggerated the price of its HTPCs, often charging nearly $3,000 per unit when in fact, according to the Korean authorities, they were worth only approximately $7 to $18 per unit. The ASI Defendants deny the indictment identified ASI or any employee by name. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 255 of the Second Amended Complaint and therefore deny them.  The ASI Defendants are informed and believe and thereon allege the January 23, 2015 press release by the Seoul

-33-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

Central District Prosecutor noted: "[t]hese cases epitomize so called 'government mafia' or corrupted government officials." The ASI Defendants are informed and believe the January 23, 2015 press released noted that 6 employees of KSURE, including its president who was appointed by the President of South Korea, had been indicted on charges of accepting bribes from Moneual.

256.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 256 of the Second Amended Complaint and therefore deny them.

257.    The ASI Defendants deny the ASI Defendants knew about Moneual's scheme to defraud its lenders or that the ASI Defendants agreed to assist Moneual in perpetuating any scheme. The ASI Defendants deny the ASI Defendants participated in any scheme, deceived any Bank, or prolonged any fraudulent scheme. The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 257 of the Second Amended Complaint and therefore deny them.

258.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 258 of the Second Amended Complaint and therefore deny them. The ASI Defendants are informed and believe allege thereon that Chol Wook ("Charlie") Shin, a former vice president of Moneual, testified at deposition in the Chuncheon District Court in South Korea, on January 26, 2018, pursuant to a Letter Rogatory issued by this Court, that he was the one who created the November 1, 2013 OEM Supply Agreement. Charlie Shin further admitted he could not remember speaking with anyone from ASI about the OEM Supply Agreement which Mr. Shin manufactured.

259.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 259 of the Second Amended Complaint and therefore deny them.

-34-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

260.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and diagrams in paragraph 260 of the Second Amended Complaint and therefore deny them. The ASI Defendants allege that ASI entered into a Distribution Agreement with Moneual on January 1, 2007 based on representations made by Moneual to ASI, and ASI's prior experience with Harold Park as an executive of Samsung and BenQ.  The ASI Defendants admit ASI purchased products from Moneual on a drop ship, fulfillment basis based on the representations by Moneual and customers of Moneual products.

261.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 261 of the Second Amended Complaint and therefore deny them.

262.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 262 of the Second Amended Complaint and therefore deny them.

263.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 263 of the Second Amended Complaint and therefore deny them.

264.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 264 of the Second Amended Complaint and therefore deny them.

265.   The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 265 of the Second Amended Complaint and therefore deny them.

266.   The ASI Defendants deny the ASI Defendants were paid kickbacks or commissions.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 266 of the Second Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

267.   The ASI Defendants deny the ASI Defendants were paid kickbacks or commissions.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 267 of the Second Amended Complaint and therefore deny them.

268.   The ASI Defendants admit that at one point during ASI's distributorship with Moneual pursuant to the January 1, 2007 Distribution Agreement, ASI's distribution margin was 1.5%, which ASI alleges on information and belief, was below the industry average.  The ASI Defendants admit that ASI's distribution margin was lowered.  The ASI Defendants deny the ASI Defendants were paid kickbacks or commissions.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 268 of the Second Amended Complaint and therefore deny them.

269.   The ASI Defendants admit that from 2012 to 2014 funds were received into bank accounts in the name of Berwick Resources Ltd., which funds the ASI Defendants understood were paid by Moneual customers.  The ASI Defendants deny the ASI Defendants were paid kickbacks or commissions.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 269 of the Second Amended Complaint and therefore deny them.  The ASI Defendants are informed and believe and thereon allege that during Harold Park's February 28, 2018 deposition at the Daejeon District Court in South Korea, Mr. Park repudiated and recanted statements made previously to the Korea Customs Service, to the Seoul Central District Prosecutor, and during Mr. Park's criminal trial.  The ASI Defendants are informed and believe and thereon allege that during his deposition Harold Park testified, when asked about information and documents he provided Korean authorities about ASI:

I was told to admit when I was under investigation, and when I replied how I could admit when I don't know the

-36-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

contents, it seems like they pressured the employees a lot,
saying that it'd be very difficult if I don't admit.  After I
made admissions, everything became the truth
afterwards, as I told my employees "don't worry so
much, since I'll take responsibility" and it was difficult to
say I don't know.  However that was not the truth.

Mr. Park further testified:

> **Question**     Did Christine Liang consent to participating
> in Moneual's fraudulent transactions or having ASI
> participate in the same?
>
> **Answer**     I believe that Christine Liang did not
> consent. …

270.   The ASI Defendants deny the ASI Defendants were paid kickbacks or commissions.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 270 of the Second Amended Complaint and therefore deny them.

271.   The ASI Defendants deny that Christine Liang was paid kickbacks or commissions.  The ASI Defendants deny that Christine Liang received cash payments from Moneual.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 271 of the Second Amended Complaint and therefore deny them.

272.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 272 of the Second Amended Complaint and therefore deny them.

273.   The ASI Defendants deny the ASI Defendants participated in a fraudulent scheme to defraud.  The ASI Defendants deny any scheme was condoned at the highest levels of ASI.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

-37-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1   allegations in paragraph 273 of the Second Amended Complaint and therefore

2   deny them.

3       274.   The ASI Defendants admit that Harold Park was convicted in the

4   Seoul Central District Court of, inter alia, defrauding commercial banks in South

5   Korea.  The ASI Defendants admit Harold Park was originally sentenced to 23

6   years but such sentence was reduced on appeal to 15 years.  The ASI Defendants

7   admit that as of February 28, 2018, Harold Park was still serving his sentence.  The

8   ASI Defendants deny knowledge or information sufficient to form a belief as to the

9   truth or falsity of the remaining allegations in paragraph 274 of the Second

10  Amended Complaint and therefore deny them.  The ASI Defendants are informed

11  and believe and thereon allege Harold Park's convictions and sentence were for,

12  inter alia, bribing numerous Korean public officials in exchange for high credit

13  ratings for Moneual and its alleged foreign importers, as well as trade credit

14  insurance and guarantees.  The ASI Defendants are informed and believe and

15  thereon allege Harold Park was convicted of paying bribes to at least 5 employees

16  of KSURE, including KSURE's president, in exchange for favorable (false) credit

17  ratings, trade credit insurance and guarantees.  The ASI Defendants are informed

18  and believe and thereon allege that but for these bribes and the information and

19  guarantees made by KSURE in exchange, Plaintiffs would not have issued the

20  loans alleged and would not have suffered the losses alleged.  The ASI Defendants

21  had no knowledge of such bribes.

22      275.   The ASI Defendants admit Chol Wook ("Charlie") Shin, a former

23  vice president of Moneual, was convicted of crimes relating to the Moneual

24  scheme.  The ASI Defendants admit other former employee(s) of Moneual have

25  been convicted of crimes in South Korea.  The ASI Defendants deny knowledge or

26  information sufficient to form a belief as to the truth or falsity of the remaining

27  allegations in paragraph 275 of the Second Amended Complaint and therefore

28  deny them.

-38-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

276.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 276 of the Second Amended Complaint and therefore deny them.

277.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 277 of the Second Amended Complaint and therefore deny them.

278.   The ASI Defendants deny the ASI Defendants made any misrepresentations of material fact to the Banks, concealed any material information from the Banks which the ASI Defendants were obligated to disclose, or failed to disclose to the Banks any material information which the ASI Defendants were obligated to disclose.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 278 of the Second Amended Complaint and therefore deny them.  The ASI Defendants are informed and believe and thereon allege none of the Banks ever communicated with ASI's President Christine about any of the allegations in the Second Amended Complaint.  The ASI Defendants are informed and believe and thereon allege none of the Banks ever visited ASI's headquarters in Fremont, California from 2006 through October 20, 2014.

279.   The ASI Defendants deny ASI acknowledged or consented to the alleged assignments.  The ASI Defendants deny the alleged assignments established a commercial relationship existed between ASI and the Banks or that ASI "transacted directly with the Banks."  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 279 of the Second Amended Complaint and therefore deny them.  The ASI Defendants are informed and believe and thereon allege a similar theory of concealment / failure to disclose was asserted by The Export-Import Bank of Korea against ASI based on similar allegations and that such theory was rejected by the Court on January 31, 2017.  The ASI Defendants are

-39-

1    informed and believe and thereon allege Plaintiffs' assertion of the same theory on

2    October 18, 2017, and again on May 21, 2018, despite the absence of any alleged

3    communication with ASI, is in bad faith.

4          280.    The ASI Defendants admit ASI issued purchase order numbers for

5    Moneual products from 2007 to 2014 pursuant to the January 1, 2007 Distribution

6    Agreement based on representations that were made to ASI.  The ASI Defendants

7    admit that money transfers were made from ASI or its former subsidiary to Korea

8    Exchange Bank, Kookmin Bank and Industrial Bank of Korea at various times

9    between 2007 and 2014, based on representations made to ASI.  The ASI

10   Defendants deny the ASI Defendants made any misrepresentations of material fact

11   to the Banks, concealed any material information from the Banks which the ASI

12   Defendants were obligated to disclose, or failed to disclose to the Banks any

13   material information which the ASI Defendants were obligated to disclose.  The

14   ASI Defendants deny that ASI ever acknowledged or consented to any assignment

15   involving any of the Banks.  The ASI Defendants deny entering into a Supply

16   Agreement with Moneual in November 2013, or otherwise.  The ASI Defendants

17   deny ASI ever guaranteed to purchase a minimum volume of goods or products

18   from Moneual.  The ASI Defendants deny knowledge or information sufficient to

19   form a belief as to the truth or falsity of the remaining allegations in paragraph 280

20   of the Second Amended Complaint and therefore deny them.

21         281.    The ASI Defendants deny the allegations in paragraph 281 of the

22   Second Amended Complaint.

23         282.    The ASI Defendants deny that ASI or Christine Liang knew of, agreed

24   to participate in, or did participate in any misrepresentations, deceit or fraudulent

25   scheme.  The ASI Defendants deny that ASI or Christine Liang conspired with or

26   aided and abetted Moneual in carrying out a fraudulent scheme.  The ASI

27   Defendants deny that Christine Liang received kickbacks from Moneual.  The ASI

28   Defendants deny that Christine Liang controlled an account in the name of

-40-

Berwick Resources Ltd.  The ASI Defendants deny Frances Chou was ever an employee or agent of ASI.  The ASI Defendants admit that a portion of ASI's distribution margin was to be transmitted to an account in the name of Berwick Resources Ltd.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 282 of the Second Amended Complaint and therefore deny them.  The ASI Defendants are informed and believe and thereon allege that from 2007 through 2014, Bill Chen, Henry Chen and Frances Chou were taking actions adverse to ASI.

283.   The ASI Defendants deny the ASI Defendants made any misrepresentations of material fact to the Banks, concealed any material information from the Banks which the ASI Defendants were obligated to disclose, or failed to disclose to the Banks any material information which the ASI Defendants were obligated to disclose.  The ASI Defendants deny the ASI Defendants knew any act or omission of Moneual was fraudulent.  The ASI Defendants deny the ASI Defendants ever had any relationship with the Banks. The ASI Defendants deny the ASI Defendants ever conspired with Moneual to defraud any third party, or for any other purpose.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 283 of the Second Amended Complaint and therefore deny them.

284.   The ASI Defendants deny the ASI Defendants made any misrepresentations of material fact to the Banks, concealed any material information from the Banks which the ASI Defendants were obligated to disclose, or failed to disclose to the Banks any material information which the ASI Defendants were obligated to disclose.  The ASI Defendants deny the ASI Defendants were engaged in a scheme to defraud Plaintiffs.  The ASI Defendants admit that from 2007 to 2014 ASI or its former subsidiary made payments intermittently to KB, KEB and IBK.  The ASI Defendants deny knowledge or

-41-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 284 of the Second Amended Complaint and therefore deny them.

285.   The ASI Defendants deny the ASI Defendants made any misrepresentations of material fact to the Banks, concealed any material information from the Banks which the ASI Defendants were obligated to disclose, or failed to disclose to the Banks any material information which the ASI Defendants were obligated to disclose.  The ASI Defendants deny the ASI Defendants defrauded Plaintiffs.  The ASI Defendants deny the ASI Defendants provided any assistance to Moneual in a scheme to defraud.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 285 of the Second Amended Complaint and therefore deny them.

286.   The ASI Defendants deny ASI entered into a Supply Agreement with Moneual.  The ASI Defendants admit purchase order numbers for Moneual products were issued based on representations to ASI.  The ASI Defendants admit that from 2007 to 2014 payments were made from ASI or its former subsidiary to KB, KEB and IBK.  The ASI Defendants deny Christine Liang received millions of dollars in bribes in the form of kickbacks from Moneual, or any bribe, kickback or commission whatsoever.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 286 of the Second Amended Complaint and therefore deny them.

287.   The ASI Defendants deny the ASI Defendants rendered assistance to Moneual in a scheme to defraud.  The ASI Defendants deny the ASI Defendants colluded with Moneual to set up sham entities to act as customers or vendors of ASI for the purpose of facilitating the circular transactions.  The ASI Defendants deny the ASI Defendants knowingly or negligently submitted false or fraudulent purchase orders to Moneual or other entities to create the appearance of

-42-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

legitimate transactions that Moneual would use to obtain financing from the Banks. The ASI Defendants deny the ASI Defendants knowingly or negligently directed or orchestrated the transfer of funds among ASI, Moneual, or sham corporations that constituted circular transactions. The ASI Defendants deny the ASI Defendants accepted bribes or kickbacks or that the ASI Defendants concealed any fraudulent scheme from Plaintiffs. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 287 of the Second Amended Complaint and therefore deny them. The ASI Defendants are informed and believe and thereon allege that Bill Chen, Henry Chen and Frances Chou engaged in acts and omissions from 2007 to 2014 which were adverse to ASI.

288. The ASI Defendants deny the ASI Defendants had actual knowledge of a fraudulent scheme allegedly perpetuated against Moneual's lenders, including Plaintiffs, at any time. The ASI Defendants deny the ASI Defendants ever assisted Moneual or its executives in any fraudulent scheme or carrying out any fraudulent scheme. The ASI Defendants deny the ASI Defendants aided or abetted Moneual or Harold Park in any scheme to defraud. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 288 of the Second Amended Complaint and therefore deny them.

289. The ASI Defendants deny the ASI Defendants shared a common plan or design with Moneual, its executives, or Harold Park to defraud Moneual's lenders. The ASI Defendants deny the ASI Defendants agreed with Moneual, its executives or Harold Park to defraud Moneual's lenders. The ASI Defendants deny the ASI Defendants conspired with Moneaul or Harold Park to defraud the Banks. The ASI Defendants deny the ASI Defendants engaged in the fraudulent, negligent or otherwise tortious acts or omissions alleged by Plaintiffs in furtherance of a plan or design to defraud the Plaintiffs, or otherwise. The ASI

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1   Defendants deny the ASI Defendants made any misrepresentations of material fact

2   to the Banks, concealed any material information from the Banks which the ASI

3   Defendants were obligated to disclose, or failed to disclose to the Banks any

4   material information which the ASI Defendants were obligated to disclose.  The

5   ASI Defendants deny the ASI Defendants are liable to the Banks for any reason

6   whatsoever.  The ASI Defendants deny knowledge or information sufficient to

7   form a belief as to the truth or falsity of the remaining allegations in paragraph 289

8   of the Second Amended Complaint and therefore deny them.

9        290.   The ASI Defendants deny the ASI Defendants made any

10  misrepresentations of material fact to the Banks, concealed any material

11  information from the Banks which the ASI Defendants were obligated to disclose,

12  or failed to disclose to the Banks any material information which the ASI

13  Defendants were obligated to disclose.  The ASI Defendants deny knowledge or

14  information sufficient to form a belief as to the truth or falsity of the remaining

15  allegations in paragraph 290 of the Second Amended Complaint and therefore

16  deny them.

17       291.   The ASI Defendants deny the ASI Defendants had advance

18  knowledge of any unfitness of any employee or agent.  The ASI Defendants deny

19  the ASI Defendants employed any employee or designated any agent with an intent

20  to deceive or a conscious disregard of the rights of others, including the Banks.

21  The ASI Defendants deny the ASI Defendants authorized or ratified any alleged

22  fraudulent conduct of any alleged employee or agent.  The ASI Defendants deny

23  the Banks are entitled to exemplary damages against the ASI Defendants.  The ASI

24  Defendants deny knowledge or information sufficient to form a belief as to the

25  truth or falsity of the remaining allegations in paragraph 291 of the Second

26  Amended Complaint and therefore deny them.

27       292.   The ASI Defendants deny the ASI Defendants engaged in any act or

28  acts of malice or fraud directed at the Banks or otherwise.  The ASI Defendants

-44-

deny the Banks are entitled to exemplary damages against the ASI Defendants. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 292 of the Second Amended Complaint and therefore deny them.

293.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 293 of the Second Amended Complaint and therefore deny them.

294.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 294 of the Second Amended Complaint and therefore deny them.

295.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 295 of the Second Amended Complaint and therefore deny them.

296.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 296 of the Second Amended Complaint and therefore deny them.

297.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 297 of the Second Amended Complaint and therefore deny them.

298.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 298 of the Second Amended Complaint and therefore deny them.

299.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 299 of the Second Amended Complaint and therefore deny them.

300.    The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 300 of the Second Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

-45-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

301.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 301 of the Second Amended Complaint and therefore deny them.

302.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 302 of the Second Amended Complaint and therefore deny them.

303.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 303 of the Second Amended Complaint and therefore deny them.

304.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 304 of the Second Amended Complaint and therefore deny them.

305.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 305 of the Second Amended Complaint and therefore deny them.

306.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 306 of the Second Amended Complaint and therefore deny them.

307.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 307 of the Second Amended Complaint and therefore deny them.

308.   The ASI Defendants deny the ASI Defendants made any misrepresentations of material fact to the Banks, concealed any material information from the Banks which the ASI Defendants were obligated to disclose, or failed to disclose to the Banks any material information which the ASI Defendants were obligated to disclose.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

1    allegations in paragraph 308 of the Second Amended Complaint and therefore

2    deny them.

3          309.    The ASI Defendants deny the ASI Defendants made any

4    misrepresentations of material fact to the Banks, concealed any material

5    information from the Banks which the ASI Defendants were obligated to disclose,

6    or failed to disclose to the Banks any material information which the ASI

7    Defendants were obligated to disclose.  The ASI Defendants deny knowledge or

8    information sufficient to form a belief as to the truth or falsity of the remaining

9    allegations in paragraph 309 of the Second Amended Complaint and therefore

10   deny them.

11         310.    The ASI Defendants deny the ASI Defendants made any

12   misrepresentations of material fact to the Banks, concealed any material

13   information from the Banks which the ASI Defendants were obligated to disclose,

14   or failed to disclose to the Banks any material information which the ASI

15   Defendants were obligated to disclose.  The ASI Defendants deny knowledge or

16   information sufficient to form a belief as to the truth or falsity of the remaining

17   allegations in paragraph 310 of the Second Amended Complaint and therefore

18   deny them.

19         311.    The ASI Defendants lack knowledge or information sufficient to

20   form a belief as to the truth or falsity of the allegations in paragraph 311 of the

21   Second Amended Complaint and therefore deny them.

22         312.    The ASI Defendants lack knowledge or information sufficient to

23   form a belief as to the truth or falsity of the allegations in paragraph 312 of the

24   Second Amended Complaint and therefore deny them.

25         313.    The ASI Defendants lack knowledge or information sufficient to

26   form a belief as to the truth or falsity of the allegations in paragraph 313 of the

27   Second Amended Complaint and therefore deny them.

28   ///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA  92612

-47-

**Gordon Rees Scully Mansukhani, LLP**
2211 Michelson Drive
Suite 400
Irvine, CA 92612

314.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 314 of the Second Amended Complaint and therefore deny them.

315.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 315 of the Second Amended Complaint and therefore deny them.

316.   The ASI Defendants deny the allegations in paragraph 316.

317.   The ASI Defendants deny the allegations in paragraph 317.

318.   The ASI Defendants deny the allegations in paragraph 318.

319.   The ASI Defendants deny the ASI Defendants engaged in any unlawful, unfair or fraudulent acts.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 319 of the Second Amended Complaint and therefore deny them.

320.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 320 of the Second Amended Complaint and therefore deny them.

321.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 321 of the Second Amended Complaint and therefore deny them.

322.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 322 of the Second Amended Complaint and therefore deny them.

323.     The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 323 of the Second Amended Complaint and therefore deny them.

324.   The ASI Defendants deny the Banks are entitled to any relief from this Court.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient)

325.   As a separate and distinct affirmative defense, the ASI Defendants allege that the Second Amended Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Superseding / Intervening Cause)

326.   As a separate and distinct affirmative defense, the ASI Defendants allege that the injuries and damages of which Plaintiffs complain, if such injuries and damages occurred, were proximately caused by or contributed to by the acts of other persons and/or entities, and that such acts were an intervening, superseding, and primary cause of such injuries and damage, if any, such that any alleged breach of duty, negligent act, omission or any other conduct of the ASI Defendants or their agents, representatives, employees or any other person acting or purporting to act on the ASI Defendants' behalf, alleged in the Second Amended Complaint was not a proximate cause of Plaintiff's alleged damages.  The ASI Defendants are informed and believe and allege thereon that at least five employees of KSURE, including KSURE's president, accepted bribes from Moneual to issue the favorable credit investigations, credit ratings, trade credit insurance, and guarantees alleged in the Second Amended Complaint.  The ASI Defendants are informed and believe and allege thereon that the Banks did not perform any true due diligence of their own prior to issuing the export factoring loans alleged, but rather relied upon, *inter alia*, the credit investigations and ratings furnished by KSURE and such investigations and ratings were made in exchange for bribes from Moneual.

///

///

-49-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

327.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff's claims are barred by the doctrine of unclean hands based on the misconduct of Plaintiffs and Plaintiffs' agents.  The ASI Defendants are informed and believe and based thereon allege that Plaintiffs earned substantial revenue from interest on loans and discount rates on export factoring loans to Moneual, that Moneual's scheme grew and expanded with the financial assistance of Plaintiffs, that a reasonable factoring bank in the position of Plaintiffs and with the knowledge of Moneual's sales and credit would have recognized red flags but that Plaintiffs ignored such red flags due to the size of Plaintiffs' business with Moneual and the substantial revenues Moneual was generating for Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

328.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff is guilty of undue delay in filing Plaintiffs' lawsuit because Plaintiffs sat upon Plaintiffs' rights, if any, to the detriment of the ASI Defendants and accordingly any causes of action are barred by the equitable doctrine of laches. The ASI Defendants are informed and believe and thereon alleged that Moneual is or was in bankruptcy in South Korea and that some of the Banks filed a creditor's claim against the Moneual bankruptcy estate which claim includes the same alleged unpaid advances on receivables which comprise Plaintiffs' claims against the ASI Defendants.  The ASI Defendants are informed and believe and thereon alleged that Plaintiffs purposefully waited until after the claims period in the Moneual bankruptcy closed to file this action against the ASI Defendants so that the ASI Defendants could not file cross claims for indemnification and contribution against Moneual and that the ASI Defendants would be prejudiced to the greatest possible extent by the loss of evidence and fading of memories.  The

-50-

ASI Defendants are informed and believe and thereon allege the Korea Customs Service began investigating Moneual as early as September 2014, and that Plaintiffs may have been made aware of the investigation and the reasons therefore prior to October 13, 2014.  The ASI Defendants are informed and believe and thereon allege that on October 13, 2014, KSURE informed Plaintiffs that KSURE was suspending the underwriting of *all* trade credit insurance for buyers of Moneual products, and that such information put Plaintiffs on notice of the need to investigate.

## FIFTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

329.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff's claims are barred by the doctrine of unclean hands based on the misconduct of Plaintiffs and Plaintiffs' agents.  The ASI Defendants are informed and believe and based thereon allege that Plaintiffs earned substantial revenue from interest on loans and discount rates on export factoring loans to Moneual, that Moneual's scheme grew and expanded with the financial assistance of Plaintiffs, that a reasonable factoring bank in the position of Plaintiffs and with the knowledge of Moneual's sales and credit would have recognized red flags but that Plaintiffs ignored such red flags due to the size of Plaintiffs' business with Moneual and the substantial revenues Moneual was generating for Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

330.   As a separate and distinct affirmative defense, the ASI Defendants allege that performance by the ASI Defendants of any act was contingent upon actions which were supposed to be undertaken by Plaintiffs' assignor, that such performance was a condition precedent to any alleged obligation by the ASI Defendants, and that the failure of Plaintiffs' assignor to complete or satisfy such

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

-51-

**Gordon Rees Scully Mansukhani, LLP**
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1 conditions precedent discharges any obligation, performance or alleged breach by

2 the ASI Defendants.

3 <center>**SEVENTH AFFIRMATIVE DEFENSE**</center>

4 <center>(Excuse of Performance)</center>

5 331.   As a separate and distinct affirmative defense, the ASI Defendants

6 allege that performance by the ASI Defendants of any act was contingent upon

7 actions which were supposed to be undertaken by Plaintiffs' assignor, that such

8 performance was a condition precedent to any alleged obligation by the ASI

9 Defendants, and that the failure of Plaintiffs' assignor to complete or satisfy such

10 conditions precedent discharges any obligation, performance or alleged breach by

11 the ASI Defendants.

12 <center>**EIGHTH AFFIRMATIVE DEFENSE**</center>

13 <center>(Consent)</center>

14 332.   As a separate and distinct affirmative defense, the ASI Defendants

15 allege that any claim for damages occasioned by any alleged act, omission, or

16 breach on the part of the ASI Defendants is barred by Plaintiffs' implicit and

17 explicit consent to such alleged act, omission, or breach.

18 <center>**NINTH AFFIRMATIVE DEFENSE**</center>

19 <center>(Failure to Join Indispensable Parties)</center>

20 333.   As a separate and distinct affirmative defense, the ASI Defendants

21 allege that Plaintiffs have failed to join and serve all indispensable parties

22 necessary to the full and complete adjudication of the claims and defenses of the

23 parties to this action, including Moneual, Hong-seok (Harold) Park, Chol Wook

24 (Charlie) Shin and KSURE.

25 <center>**TENTH AFFIRMATIVE DEFENSE**</center>

26 <center>(Apportionment)</center>

27 334.   As a separate and distinct affirmative defense, the ASI Defendants

28 allege that to the extent Plaintiffs sustained any of the damages alleged in the

<center>-52-</center>

Second Amended Complaint, said damages were proximately caused, in whole or in part, by the misrepresentations, acceptance of illegal bribes, negligence, carelessness, fault, acts, omissions, wrongful conduct, and/ or misconduct of other persons and/or entities over whom the ASI Defendants had, at no relevant time, any control, including KSURE and those employees of KSURE who accepted bribes for issuing favorable credit investigations, credit ratings, trade credit insurance and guarantees.  Therefore, if the ASI Defendants are ultimately held liable for any of such damages, the amount of the ASI Defendants' liability should be proportionately reduced, in light of said other persons' comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault / Contributory Negligence)

335.   As a separate and distinct affirmative defense, the ASI Defendants allege that to the extent Plaintiffs sustained any of the damages alleged in the Second Amended Complaint, said damages were proximately caused, in whole or in part, by the negligence, carelessness, fault, acts, omissions, wrongful conduct, and/or misconduct of Plaintiffs and Plaintiffs' agents.  Therefore, if the ASI Defendants are ultimately held liable for any of such damages, the amount of the ASI Defendants' liability should be proportionately reduced in light of the comparative fault of Plaintiffs and Plaintiffs' agents.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Indemnification / Contribution)

336.   As a separate and distinct affirmative defense, the ASI Defendants allege that if Plaintiffs suffered or sustained any loss, damages, or injury as alleged in the Second Amended Complaint, the loss, damages, or injury was proximately caused or contributed to by the actions of Plaintiffs or concurrent tortfeasors, persons, entities, named or un-named, and that the actions or omissions, if any, of these answering ASI Defendants are imputed to or should be indemnified by said named or unnamed tortfeasors.  The ASI Defendants are informed and believe and

-53-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

thereon allege at least five employees of KSURE were convicted of accepting bribes from Moneual in exchange for favorable credit investigations, credit ratings, trade credit insurance, and guarantees which were passed along to Plaintiffs and relied upon by Plaintiffs. The ASI Defendants are informed and believe and thereon allege that but for such credit investigations, credit ratings, trade credit insurance, and guarantees which were premised upon bribes, Plaintiffs would not have issued the export factoring loans alleged or suffered the damages alleged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Adverse Interest Exception)

337. As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiffs' Second Amended Complaint and all causes of action alleged by Plaintiffs are barred by the adverse interest exception to the doctrines of imputation, vicarious liability and respondent superior. The ASI Defendants are informed and believe and thereon allege that Bill Chen, Henry Chen and Frances Chou engaged in acts and omissions adverse to ASI in relation to ASI's business with Moneual, which acts and omissions were unknown to ASI's ownership and management.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

338. As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiffs' Second Amended Complaint and all causes of action alleged by Plaintiffs are barred based on the business judgment rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Abstention)

339. As a separate and distinct affirmative defense, the ASI Defendants allege that the Court should decline to exercise jurisdiction in this matter under the doctrine of abstention given the fact that some Plaintiffs have filed claims against

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

1  the bankruptcy estate of Moneual in the Republic of Korea for the same damages

2  Plaintiffs seek in this action.

3  ### SIXTEENTH AFFIRMATIVE DEFENSE

4  (International Abstention Doctrine)

5  340.   As a separate and distinct affirmative defense, the ASI Defendants

6  allege Plaintiffs' Second Amended Complaint should be dismissed or the action

7  stayed under the international abstention doctrine since parallel proceedings are

8  pending in the Republic of Korea regarding the claims of Plaintiffs, including

9  proceedings between Plaintiffs and KSURE regarding the issue of whether

10 KSURE should be held responsible for some of Plaintiffs' losses based upon, inter

11 alia, the acceptance of bribes by KSURE employees.

12 ### SEVENTEENTH AFFIRMATIVE DEFENSE

13 (Lack of Standing)

14 341.   As a separate and distinct affirmative defense, the ASI Defendants

15 allege Plaintiff lacks standing to prosecute the Second Amended Complaint, and is

16 not a real party in interest.

17 ### EIGHTEENTH AFFIRMATIVE DEFENSE

18 (Ripeness)

19 342.   As a separate and distinct affirmative defense, the ASI Defendants

20 allege Plaintiffs' claims, if any, are not ripe for adjudication and Plaintiffs' Second

21 Amended Complaint should be dismissed or the action stayed until final

22 adjudication of Plaintiffs' claims against the bankruptcy estate of Moneual pending

23 in South Korea, and Plaintiffs' claims against KSURE pending in South Korea.

24 ### NINETEENTH AFFIRMATIVE DEFENSE

25 (Failure to Mitigate)

26 343.   As a separate and distinct affirmative defense, the ASI Defendants

27 allege Plaintiffs failed to take reasonable steps to minimize, mitigate or prevent the

28 damages Plaintiffs claim to have suffered since Plaintiffs failed to investigate or

take any other action when payment was not received, and any damages awarded to Plaintiffs must thereby be equitably reduced.

## TWENTITH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

344.   As a separate and distinct affirmative defense, the ASI Defendants allege Plaintiffs' causes of action are barred by the applicable statutes of limitation including but not limited to California Code of Civil Procedure sections 335.1, 337, 337a, 338, 339, and 343 since Plaintiffs were on notice of such claims as of October 13, 2014 or earlier, more than three years before Plaintiffs filed their action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

345.   As a separate and distinct affirmative defense, the ASI Defendants allege that the injuries and damages of which Plaintiffs complain, and each and every cause of action contained in the Second Amended Complaint, are barred by reason of acts, omissions, representations and courses of conduct by Plaintiffs which parties were led to rely upon to their detriment, thereby barring any causes of action asserted by Plaintiffs under the doctrine of estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Void)

346.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiffs are barred from recovery based on the fact that the alleged agreement, the OEM Supply Agreement, was fabricated by Chol Wook ("Charlie") Shin without the ASI Defendants' knowledge, consent or approval, the signature of Frances Chou on the OEM Supply Agreement was forged, and Frances Chou never had actual or apparent authority to enter into contracts on behalf of the ASI Defendants.

///

**Gordon Rees Scully Mansukhani, LLP**
**2211 Michelson Drive**
**Suite 400**
**Irvine, CA 92612**

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Waiver)

347.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff is barred from recovery based on waiver.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Assumption of the Risk)

348.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiffs' Second Amended Complaint and all causes of action asserted therein are barred by the doctrine of assumption of the risk.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Fraud)

349.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiffs' claims are barred because such claims are the product of fraud by former agent(s) of the ASI Defendants against the ASI Defendants.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

-57-

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Further Affirmative Defenses)

350.   As a separate and distinct affirmative defense, the ASI Defendants allege that the ASI Defendants do not presently know all facts concerning the conduct of Plaintiffs or Plaintiffs' claims sufficient to state all affirmative defenses at this time.  The ASI Defendants will seek leave of this Court to amend this Answer should the ASI Defendants later discover facts demonstrating the existence of additional affirmative defenses.

Dated:  June 18, 2018

GORDON REES SCULLY MANSUKHANI, LLP

By:   */s/ Christopher B. Queally*
Christopher B. Queally
Philip H. Lo
Attorneys for Defendants
ASI CORPORATION, ASI
COMPUTER TECHNOLOGIES,
INC., and CHRISTINE LIANG

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive
Suite 400
Irvine, CA  92612

1145290/38890556v.1

-58-

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., AND CHRISTINE LIANG'S ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT                                           CASE NO: 2:17-cv-07646-MWF-JPR