MAURICE SUH, SBN 147485
  msuh@gibsondunn.com
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
VANESSA A PASTORA, SBN 277837
  vpastora@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

Attorneys for Plaintiffs INDUSTRIAL BANK
OF KOREA; NONGHYUP BANK; KEB HANA
BANK; KOOKMIN BANK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| INDUSTRIAL BANK OF KOREA, an agency or instrumentality of the Republic of Korea; NONGHYUP BANK, a corporation of the Republic of Korea; KEB HANA BANK, a corporation of the Republic of Korea; KOOKMIN BANK, a corporation of the Republic of Korea,<br><br>               Plaintiffs,<br><br>    v.<br><br>ASI CORPORATION, a Delaware Corporation; ASI COMPUTER TECHNOLOGIES, INC., a California Corporation; BILL CHEN, an individual; HENRY CHEN a/k/a HUNG CHEN, an individual; FRANCES CHOU a/k/a FRANCES MEILING CHOU, an individual; CHRISTINE LIANG a/k/a CHRISTINE LI-YIN LIANG a/k/a LI YIN CHU, an individual; NEWEGG, INC., a Delaware Corporation; MAGNELL ASSOCIATE INC., DBA NEWEGG.COM and ABS COMPUTER TECHNOLOGIES, a California Corporation; and DOES 1 through 10, inclusive,<br><br>               Defendants. | CASE NO. 2:17-cv-07646-MWF (JPRx)<br><br>**SUPPLEMENTAL JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference:**<br><br>Date:      October 15, 2018<br>Time:      11:00 a.m.<br>Place:     Courtroom 5A<br>Judge:    Hon. Michael W. Fitzgerald |

Gibson, Dunn &
Crutcher LLP

1    Counsel for Plaintiffs Industrial Bank of Korea ("IBK"), Nonghyup Bank

2    ("NH"), KEB Hana Bank ("KEB Hana"), and Kookmin Bank ("KB") (collectively,

3    "Plaintiffs" or "Banks"), and for Defendants ASI Corporation, ASI Computer

4    Technologies, Inc. (together, "ASI"), Christine Liang, Henry Chen, Newegg Inc.

5    ("Newegg"), and Magnell Associate, Inc. ("Magnell") (collectively, "Defendants")

6    conferred on September 24, 2018, pursuant to Federal Rule of Civil Procedure 26(f),

7    the Central District's Local Rule 26-1, and this Court's Orders Setting the Scheduling

8    Conference (Docs. 76, 87).  The Parties hereby submit this supplemental Rule 26(f)

9    Joint Scheduling Conference Report—this supplemental report replaces the

10   Rule 26(f) Report filed on October 1, 2018, which did not include the portions of the

11   report submitted by Defendants ASI and Ms. Liang.[1]  Plaintiffs and Defendants ASI

12   and Ms. Liang further conferred on October 4, 2018, October 9, 2018, and October 10,

13   2018.

14   **1.     STATEMENT OF THE CASE**

15         According to their Second Amended Complaint ("SAC"), the Banks allege that

16   Defendants issued fraudulent purchase orders and other documents to Moneual, Inc.

17   ("Moneual"), an electronics manufacturer, for the purported purchase of home theater

18   personal computers ("HTPCs"), which Moneual used to obtain loans from the Banks

19   by selling them export receivables backed by the fraudulent purchase orders.  Moneual

20   and Defendants then allegedly engaged in a classic Ponzi scheme, issuing additional

21   fraudulent purchase orders and selling them to the Banks to repay the Banks for the

22   previous receivables they had purchased.  For their participation, Defendants

23   purportedly received kickbacks from Moneual.

24         ASI is a wholesale distributor of computer products that, together with four of

25   its executives/agents, became involved in the scheme at some point between 2006 and

26   _____

27   [1]  On October 4, 2018, the Court granted Newegg and Magnell's Motion to Dismiss
     the Second Amended Complaint without leave to amend.  (Doc. 91.)  This Report

28   therefore omits discussion of Newegg and Magnell.

2010.  At first, ASI received goods from Moneual and resold them to various paper companies, but eventually, the transfer of goods took place on paper only.

Defendant Henry Chen denies participating in Moneual's fraudulent scheme or accepting bribes from Moneual.  No action or inaction by Henry Chen caused or contributed to Plaintiffs' damages.

Defendants ASI and Ms. Liang deny the allegations in the Second Amended Complaint and deny having any knowledge of Moneual's scheme.  They assert that depositions taken in a related matter of Moneual's employees/officers, including that of former CEO HS Park and former Vice President Chol Wook ("Charlie") Shin, and Defendant Chou, undermine Plaintiffs' claims against them.

Defendants ASI and Ms. Liang also contend that Plaintiffs have not alleged they ever communicated with anyone from ASI whether by letter, email, telephone, text message, or in person, prior to issuing factoring loans to Moneual, and that the criminal judgment against Harold Park and his accomplices from South Korea reflects that Moneual bribed four officers of the Korea Trade Insurance Corporation ("KSURE") including its President, for strong credit reports and an increase in Moneual's trade credit insurance line.  Defendants ASI and Ms. Liang contend it was this information, combined  with direct misrepresentations by Moneual to Plaintiffs, which Plaintiffs relied upon in issuing the factoring loans, not anything ASI did or said.

Defendant Frances Chou contends that she was acting under ASI's supervision to process the Moneual-ASI purchases orders, which were finalized and approved by ASI's Chinese team and upper management.  She only transmitted approved purchase order numbers to Moneual, never signed any purchase orders or SPIs (her signature was forged), and has no knowledge of the alleged kickbacks involving Mr. Park.

## 2.    SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(4).  Plaintiffs are agencies or instrumentalities of the Republic of Korea or

incorporated under the laws of the Republic of Korea, a foreign state, and Defendants are citizens of Delaware and California.  Complete diversity of citizenship therefore exists between the parties.  The amount in controversy in this action exceeds $75,000 exclusive of interest and costs.  The Parties do not dispute the Court's subject matter jurisdiction over this action.

## 3.   LEGAL ISSUES

The legal issues in this case center on Plaintiffs' claims against Defendants, including:

- whether Defendants defrauded the Banks by knowingly or negligently misrepresenting, concealing, or failing to disclose facts that were material to the Banks' decision to purchase Moneual's export receivables;
- whether Defendants aided and abetted Moneual in carrying out fraud by knowingly providing substantial assistance;
- whether Defendants conspired with Moneual to commit fraud;
- whether the Banks' reliance on the Defendants' misrepresentations was justifiable;
- whether the Banks were damaged as a proximate result of Defendants' misrepresentations and concealments;
- whether Defendants' actions were unfair, unlawful, and/or fraudulent under California's Unfair Competition Law ("UCL");
- whether any damages suffered by the Banks was caused by KSURE;
- whether the Banks' reliance upon the representations of Moneual was justifiable;
- whether the Banks' reliance upon the representations of Moneual caused damages;
- whether the Banks' acted reasonably in mitigating the Banks' purported damages; and

Case 2:17-cv-07646-MWF-JPR   Document 92   Filed 10/12/18   Page 5 of 19   Page ID #:1792

- whether the Banks' claims, filed October 18, 2017, are barred by the applicable three-year statute of limitations.

The Parties anticipate potential issues involving international discovery and admissibility of evidence from alleged statements made in foreign, criminal investigations.  The Parties are not presently aware of other significant legal issues, and reserve the right to amend this list as the litigation progresses.

## 4.    PARTIES AND EVIDENCE

### A.    Parties and Corporate Affiliates

Plaintiffs IBK, NH, KEB Hana, and KB are four banks incorporated under the laws of the Republic of Korea whose primary services include, among other things, lending and cash management.  Pursuant to their Corporate Disclosure Statement, Plaintiffs identified the following subsidiaries, parents, and affiliates: (1) NongHyup Financial Group Inc. (Parent Company of NH); (2) The National Agricultural Cooperative Federation (Parent Company of NongHyup Financial Group Inc.); (3) Hana Financial Group Inc. (Parent Company of KEB Hana); and (4) KB Financial Group Inc. (Parent Company of KB).  (Doc. 4.)

Defendants ASI Corporation and ASI Computer Technologies (together, "ASI") are American corporations engaged in the wholesale business of distributing computer software, hardware, and accessories in four different countries.  Pursuant to their Corporate Disclosure Statements, ASI Corporation and ASI Computer Technologies certify they have no parent corporation and that no publicly held corporation holds 10% or more of their stock.  (Docs. 26, 27.)  ASI Corporation states it was dissolved in 2001.  (Doc. 27.)

Plaintiffs have also brought suit against four individuals affiliated with ASI: (1) Bill Chen, who Plaintiffs allege was Chief Financial Officer and/or Vice President of Finance of ASI; (2) Henry Chen, also known as Hung Chen, Vice President of Business Development; (3) Frances Chou, also known as Me Ling Chou or Frances Meiling Chou, who Plaintiffs allege was a director and agent of ASI; and (4) Christine

Crutcher LLP

5

**SUPPLEMENTAL JOINT RULE 26(f) REPORT**

Liang, also known as Christine Li-Yin Liang or Li Yin Chu, who Plaintiffs allege was Chief Executive Officer and/or President of ASI.

**B.    Evidence**

Percipient witnesses include the following:

- Bill Chen
- Henry Chen
- Frances Chou
- Christine Liang
- Marcel Liang
- Fred Chang
- H.S. Park
- Shi-Young Park
- Chul-Wook ("Charlie") Shin
- Jeff Kim
- Kyung-Sik Kang
- Sung Hoon Kang
- Sohee Kim
- Jong-heon Lee
- Gyewon Chun
- Bomi Cho
- Chang-il Choi
- Employees of KSURE during the relevant time period;
- Representatives of each Plaintiff with knowledge of Plaintiffs' communications or transactions with Moneual;
- Employees of NH's Guro Branch during the relevant time period;
- Employees of KEB Hana's Gasan Digital Station Branch during the relevant time period;

- Employees of KB's Yeongdeungpo Hi-Tech Branch during the relevant time period;

- Employees of IBK's Guro Dong Branch during the relevant time period;

- Employees in NH's credit and/or loan departments during the relevant time period;

- Employees in KEB Hana's credit and/or loan departments during the relevant time period;

- Employees in KB's credit and/or loan departments during the relevant time period; and

- Employees in IBK's credit and/or loan departments during the relevant time period.

The Parties reserve the right to amend their list of percipient witnesses as the case progresses.

The key documents/categories of documents known at this time are:

- The OEM Supply Agreement Moneual and ASI entered into on November 1, 2013, and any related documents;

- Documents related to export factoring agreements between Moneual and the Banks;

- Documents related to criminal investigations and/or proceedings in Korea involving Moneual, including the transcript of HS Park's testimony in the criminal proceeding;

- Documents related to customs investigations in Korea involving Moneual, including the investigation conducted by the Korean Customs Service;

- Documents concerning the Financial Supervisory Service's ("FSS's") investigation of Moneual's scheme;

- Documents related to any civil proceedings in Korea related to Moneual and the fraudulent scheme;

- Documents related to bankruptcy proceedings in Korea involving Moneual;
- Documents concerning the insurance policies KSURE issued to the Banks for transactions between Moneual and ASI;
- Documents concerning settlement agreements between Plaintiffs and KSURE related to or in any way involving transactions between Moneual and ASI;
- Documents concerning Plaintiffs' interactions and communications with Moneual;
- Purchase orders, invoices, confirmation letters, and SPIs related to Moneual's transactions with ASI, and related documents;
- Documents concerning Advance Global Group Pte Ltd. of Hong Kong, Polaris Media Research Inc., Media Research Holding Limited, and PK Paradigms Holdings Ltd., and their existence as corporate entities;
- Documents from the Defendants concerning any revenue they received from Moneual, including but not limited, to the wire transfers Moneual made to the individual Defendants;
- Documents related to ASI's business and finances;
- Documents related to ASI's agents' or representatives' personal relationships, business, and finances;
- Documents related to Moneual's business and finances;
- Documents related to Moneual's agents' or representatives' personal relationships, business, and finances;
- Transcripts from the depositions of Harold Park and Charlie Shin taken in South Korea in 2018; and
- Banks' litigation files relating to their lawsuits against KSURE over the past year for damages arising out of the Moneual scandal.

**SUPPLEMENTAL JOINT RULE 26(f) REPORT**

The Parties reserve the right to amend this list as discovery begins and as the litigation progresses.  The Parties further reserve the right to challenge the admissibility and/or discoverability of the aforementioned documents.

**5.     DAMAGES**

Plaintiffs estimate their total damages against ASI and the individual Defendants at a minimum amount of $131,626,600 plus interest according to proof.  Specifically, IBK estimates its damages at $83,469,800, NH at $9,983,000, KEB Hana at $17,850,200, and KB at $20,323,600.

Plaintiffs are also seeking punitive damages in an amount to be determined at trial.

Defendants deny that Plaintiffs have suffered any cognizable damages as a result of their conduct.

**6.     INSURANCE**

Plaintiffs brought suit against their insurer KSURE in South Korea to determine coverage for the fraudulent transactions.  In July 2018, Plaintiffs and KSURE reached an agreement with respect to coverage.

The ASI Defendants have an insurance policy applicable to the claims in this action, but to date, ASI Defendants' insurance carrier has denied coverage.

**7.     MOTIONS**

Counsel for the ASI Defendants intends to file with the Court a Motion to Stay Requests for Production and Depositions, in light of upcoming trials in two related matters:  (1) *The Export-Import Bank of Korea v. ASI Corporation, et al.*, 2:16-cv-02056-MWF-JPR ("KEXIM Matter"), and (2) *Seok Kang, as Trustee on behalf of KT Engcore Corporation v. ASI Corporation, et al.*, Case No. RG 16818221 ("KT Matter").  In connection with that Motion, the ASI Defendants plan to produce all transcripts of depositions taken and all documents already produced in the KEXIM Matter and the KT Matter along with the accompanying requests for production and

1  responses.  Plaintiffs are evaluating ASI's proposal, and the Parties will meet and
2  confer, which may obviate the need for ASI's Motion.

3  **8.    MANUAL FOR COMPLEX LITIGATION**

4      Plaintiffs, Henry Chen, and Frances Chou contend the procedures of the Manual
5  for Complex Litigation are inapplicable to this case.

6      Defendants ASI and Ms. Liang are still evaluating this issue.  This case will be
7  similar to the KEXIM Matter multiplied by four since there are four banks suing.

8  **9.    STATUS OF DISCOVERY**

9      No discovery has been taken to date.  The Parties plan to exchange initial
10  disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on October 8, 2018.

11  **10.   DISCOVERY PLAN**

12      Pursuant to Federal Rule of Civil Procedure 26(f)(3) and Local Rule 26-1(f), the
13  Parties propose the discovery plan below:

14      **A.    Proposed Changes to Timing, Form, or Requirement for Disclosures**
15             **Under Rule 26(a)**

16      Pursuant to Rule 26(a)(1)(A), Plaintiffs provided their Initial Disclosures on
17  October 8, 2018, "at or within 14 days [of their] Rule 26(f) conference," which began
18  on September 24, 2018.  Defendants ASI and Ms. Liang have indicated that they will
19  provide their Initial Disclosures within two (2) days of the filing of this Supplemental
20  Joint Rule 26(f) Report.

21      As indicated in the attached Schedule of Pretrial and Trial Dates Worksheet, the
22  Parties propose exchanging expert disclosures according to the deadlines contemplated
23  by Rule 26(a)(2)(D) and 26(a)(3)(B), respectively.  The Parties do not presently
24  anticipate any changes to the timing, form, or requirement for disclosures.

25      **B.    Subjects and Timing of Discovery**

26      Plaintiffs anticipate seeking discovery on all facts relating to Defendants'
27  alleged scheme of using fraudulent transactions and guaranties to extract loans from
28  the Banks.  To this end, discovery will be needed on at least the following subjects:

(1) Defendants' transactions with Moneual (including but not limited to any purchase orders, SPIs, confirmation letters, sales agreements, guaranties, invoices, shipments, payments, and customer distribution lists); (2) Defendants' use of subsidiaries and affiliate companies to execute the alleged transactions; and (3) the Banks' factoring of Moneual's receivables, backed by Defendants' transactions.

At this time, ASI anticipates seeking discovery regarding: (1) any reports issued to Plaintiffs by the FSS related to Moneual; (2) any disciplinary reports the Banks issued to their employees in connection with the loans issued to Moneual, including the personnel files of all employees who were subject to discipline or potentially subject to discipline; (3) any notices from KSURE regarding insurance coverage including, but not limited to, the October 13, 2014 notice to the Banks of suspension of trade credit insurance by KSURE; (4) the Banks' internal audit reports related to Moneual; and (5) documents related to the Banks' litigation against KSURE in South Korea.

The Parties expressly reserve their objections to the discoverability, relevance, and admissibility of documents and information relating to the foregoing subjects. The Parties also reserve the right to seek discovery on additional subjects if the need arises during the course of this case.

At this time, the Parties do not anticipate that discovery will need to be conducted in phases—beyond conducting fact discovery before conducting expert discovery—or need to be limited to or focused on particular issues.

The anticipated timing on discovery is laid out in the attached Schedule of Pretrial and Trial Dates Worksheet.

**C.   Issues Regarding Discovery**

**i.   Electronically Stored Information ("ESI")**

The Parties have agreed to enter into an e-discovery protocol to govern the production of ESI. The Parties plan to file a stipulation with the Court as soon as the agreement is finalized.

### ii.   Preservation of Relevant Information

Counsel for the Banks informed the other Parties that most, if not all, of the Banks have standard policies in place that require the Banks to wipe all information on an employee's computer when an employee transfers positions, is terminated, or otherwise departs..  The Banks have issued litigation holds to relevant custodians to prevent any further destruction of relevant information.

ASI notes that in the KEXIM case, defendants were prevented the opportunity to discover information on hard drives of former employees because of the Export Import Bank of Korea's policy on ESI.  Accordingly, ASI has concerns regarding Plaintiffs' policies on ESI on computers/laptops/hard drives of their former employees.  ASI brings the Court's attention to the fact that Plaintiffs filed this action nearly three years after the criminal proceedings against Harold Park and Charlie Shin, which raises concerns by defendants that the gap in time may have resulted in the irretrievable deletion of ESI.  Any failure to preserve ESI would greatly prejudice defendants. Defendants also note that Plaintiffs have already litigated an action against KSURE regarding the same transactions in South Korea, which suggests that ESI should have been preserved during that litigation.  Plaintiffs note that, as they have informed Defendants, all documents and ESI collected in connection with the litigation against KSURE have been preserved.

### iii.   Personal Information Protection Act ("PIPA")

The Parties are currently discussing the implications of South Korea's Personal Information Protection Act ("PIPA") on discovery and may file a stipulation as to how they plan to handle issues related to or arising from PIPA's application.  For their part, Plaintiffs are currently procuring consents required by PIPA to collect information from relevant employees.

The parties in the related KEXIM Matter filed a stipulation with the Court in that matter dealing with the issue.  Defendants ASI and Ms. Liang contend that

1   pursuant to Supreme Court precedent, foreign statutes such as PIPA may not be relied

2   upon to avoid discovery under the Federal Rules of Civil Procedure.

### iv.   Protocol for Translations

4       The Parties are currently discussing the proper protocol for objecting to

5   translations during a deposition, and how to manage costs associated with translating

6   documents.  Should the Parties reach an agreement, they intend to file a stipulation

7   with the Court memorializing that agreement.

8       Defendants ASI and Ms. Liang contend a protocol for objecting to interpretation

9   at deposition is essential since considerable time was lost at depositions in the KEXIM

10  Matter over disagreements between the main interpreter, the "check" interpreter, and

11  counsel over minute issues of translation.

### v.   Deposition Locations

13      The Parties are currently discussing where they will depose various witnesses,

14  given that many witnesses live in Korea and Hong Kong.

15      Defendants ASI and Ms. Liang contend all party depositions must take place in

16  the Central District of California, including individuals produced as persons most

17  qualified, since this is where Plaintiffs filed suit.  Defendants have suggested Honolulu

18  as the location for depositions of lower level employees of the Banks.

### D.   Privilege and Protection

20      The Parties agree that an order should be entered in this action to protect against

21  the inadvertent disclosure of privileged information pursuant to Federal Rule of

22  Evidence 502.  The Parties intend to submit a proposed stipulated protective order for

23  the Court's approval.

### E.   Changes to Limitations on Discovery

25      Other than the foreign language issue discussed in Section 19 below, Plaintiffs

26  and Frances Chou do not believe that any other limitation or modifications to the

27  discovery rules are necessary at this time.

28

Gibson, Dunn &
Crutcher LLP

13

Defendants ASI, Ms. Liang, and Henry Chen contend that they have already responded to multiple rounds of the same discovery in the KEXIM, Kang, and the Zalman Matters pending in Los Angeles Superior Court.  The ASI Defendants propose that the Parties try to work in good faith towards potentially adopting the interrogatories, requests for admission, and responses to the same from other matters into this case so that the Parties can avoid duplication of efforts.  Defendants ASI and Ms. Liang are considering filing a Motion for a Stay on Requests for Production of Documents and Depositions in this matter due to trials in the KEXIM and Kang Matters if the Parties are unable to work one out.  Many of the witnesses are the same, and they have already had their depositions taken on multiple occasions.  Some of these witnesses will be testifying at trial in the KT Matter in October 2018 and at trial in the KEXIM Matter in January 2019 and they cannot be in two places at once.

Plaintiffs plan to work with Defendants ASI, Ms. Liang, and Henry Chen on the discovery issues noted above and will consider the proposal of a mutual stay on discovery.

Defendants ASI and Ms. Liang also propose expanding the number of depositions allowed.  Defendants propose a limit of eight (8) depositions per plaintiff, to accommodate the need to depose PMKs for each of the four (4) plaintiff banks.  Defendants understand that the Banks' claims are based on different transactions, therefore necessitating multiple depositions to fully discover Plaintiffs' bases for the claims and prepare for their defense to the individual banks' claims.  This position was recently made known to Plaintiffs' counsel, so the Parties are just beginning the meet and confer process regarding this particular issue.

Defendants ASI and Ms. Liang also propose removing expert depositions from the ten (10) or modified deposition limit in this action.  Defendants feel it is prejudicial to include the expert depositions in the ten (10) deposition limit, given the possibility that Plaintiffs may retain multiple experts.  This position was recently made known to

1   Plaintiffs' counsel, so the Parties are just beginning the meet and confer process

2   regarding this particular issue.

3         **F.**    **Other Orders**

4         The Parties agree that a protective order should be entered in this action to

5   prevent the public disclosure of confidential business information.  The Parties will

6   submit a proposed stipulated protective order for the Court's approval.

7   **11.**   **DISCOVERY CUT-OFF**

8         Plaintiffs propose that all discovery, including expert discovery, end on

9   February 24, 2020, and also that any discovery motions must be noticed such that the

10  hearing is on or before February 24, 2020.

11        Defendants ASI, Ms. Liang, and Henry Chen propose that all discovery end on

12  August 24, 2020.  Defendants ASI and Ms. Liang contend this matter is very similar to

13  the KEXIM Matter except that the discovery in this matter should be multiplied by

14  four.  Defendants contend that additional time for discovery should be provided

15  because of the sheer volume of documents that the four Plaintiffs will likely produce,

16  including the documents from the KSURE litigation.

17  **12.**   **EXPERT DISCOVERY**

18        Plaintiffs propose exchanging initial expert witness disclosures on December 16,

19  2019, and any rebuttal disclosures on January 20, 2020.

20        Defendant Henry Chen proposes exchanging initial expert witness disclosures

21  on June 15, 2020, and any rebuttal disclosures on July 20, 2020.

22  **13.**   **DISPOSITIVE MOTIONS**

23        ASI and Ms. Liang may seek Summary Judgment on the Banks' claims against

24  them.  Counsel for ASI, Ms. Liang, and the Banks are currently meeting and

25  conferring on this issue in an attempt to obviate motion practice.

26        Plaintiffs likewise intend to file a Motion for Summary Judgment on ASI's

27  affirmative defenses.  Counsel for Plaintiffs and ASI will meet and confer before this

28  Motion is filed.

Gibson, Dunn &
Crutcher LLP

1   The Parties reserve the right to file summary judgment motions later in the case,
2   after more discovery has taken place.

3   **14.      SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

4   The Parties are open to participating in ADR.  Pursuant to Local Rule 16-15.4,
5   the Parties agree that engaging in private dispute resolution proceedings (Option 3) is
6   best suited to the circumstances of this case.

7   **15.      TRIAL ESTIMATE**

8   Plaintiffs have demanded a jury trial.  The Parties estimate the trial will last, at
9   minimum, 4 weeks.

10  **16.      TRIAL COUNSEL**

11  Maurice Suh, Kahn A. Scolnick, and Vanessa Pastora of Gibson, Dunn &
12  Crutcher LLP will try the case on behalf of Plaintiffs.

13  Christopher B. Queally, Philip H. Lo, and Michael J. Wright of Gordon Rees
14  Scully Mansukhani, LLP will try the case on behalf of ASI and Christine Liang.

15  Max Chiang will represent Frances Chou at trial.

16  Cathleen S. Huang and Robert I. Westerfield of Bowles & Verna LLP will try
17  the case on behalf of Henry Chen.

18  Bill Chen has not yet been served in this action.

19  The Parties plan to call between 20-30 witnesses at trial.

20  **17.      INDEPENDENT EXPERT OR MASTER**

21  The Parties do not anticipate that this case will require an independent expert or
22  master pursuant to Federal Rule of Civil Procedure 53.

23  **18.      TIMETABLE**

24  Please see attached the Parties' Schedule of Pretrial and Trial Dates Worksheet.

25  **19.      OTHER ISSUES**

26  Many, if not most, of the witnesses are Korean and will require a translator if
27  called to testify at a deposition or at trial.  The Parties therefore anticipate requiring

28

Gibson, Dunn &
Crutcher LLP

**SUPPLEMENTAL JOINT RULE 26(f) REPORT**

1    more time than that set forth in Federal Rule of Civil Procedure 30(d) for deposing the

2    foreign-language witnesses.

3         The Parties have agreed to meet and confer regarding an allocation of costs for

4    the translation of documents given that many documents produced will be in a foreign

5    language.  Further, the Parties will meet and confer about the potential use of

6    deposition transcripts from the Depositions of HS Park and Charlie Shin taken in the

7    KEXIM Matter in this matter.

8         Plaintiffs, Henry Chen, and Frances Chou agree that this case does not otherwise

9    involve complex or unusual issues.

10        Defendants ASI and Ms. Liang believe the Parties should meet and confer about

11   the use of the depositions of Harold Park and Charlie Shin in this matter.

12   Dated:  October 12, 2018                    MAURICE SUH
                                                 MAURICE SUH
13                                               KAHN A. SCOLNICK
                                                 VANESSA PASTORA
14                                               GIBSON, DUNN & CRUTCHER LLP

15
                                                 By:*/s/ Maurice Suh*
16                                               Maurice Suh

17                                               Attorneys for Plaintiffs
                                                 INDUSTRIAL BANK OF KOREA;
18                                               NONGHYUP BANK; KEB HANA BANK;
                                                 KOOKMIN BANK
19

20
21   Dated:  October 12, 2018                    CATHLEEN S. HUANG
                                                 ROBERT I. WESTERFIELD
22                                               BOWLES & VERNA LLP

23                                               By:*/s/ Robert I. Westerfield*
24                                               Robert I. Westerfield

25                                               Attorney for Defendant
                                                 HENRY CHEN

26

27

28

1   Dated:  October 12, 2018          MAX CHIANG

2

3                                     By:/s/ Max Chiang
                                      Max Chiang

4                                     Attorney for Defendant
                                      FRANCES CHOU
5

6   Dated:  October 12, 2018          CHRISTOPHER B. QUEALLY
                                      PHILIP H. LO
7                                     GORDON REES SCULLY & MANSUKHANI

8
                                      By:/s/ Christopher B. Queally
9                                     Christopher B. Queally
                                      Philip H. Lo
10
                                      Attorney for Defendants
11                                    ASI CORPORATION, ASI COMPUTER
                                      TECHNOLOGIES, INC., AND CHRISTINE
12                                    LIANG

13                          **SIGNATURE ATTESTATION**

14          I hereby attest that all other signatories listed, and on whose behalf the filing is

15  submitted, concur in the filing's content and have authorized the filing.

16  Dated:  October 12, 2018

17
                                      MAURICE SUH
18                                    KAHN A. SCOLNICK
                                      VANESSA PASTORA
19                                    GIBSON, DUNN & CRUTCHER LLP

20
                                      By:Maurice Suh
21                                    Maurice Suh

22                                    Attorneys for Plaintiffs
                                      INDUSTRIAL BANK OF KOREA;
23                                    NONGHYUP BANK; KEB HANA BANK;
                                      KOOKMIN BANK
24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**SUPPLEMENTAL JOINT RULE 26(f) REPORT**

## JUDGE MICHAEL W. FITZGERALD
### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:17-cv-07646-MWF-JPR | | | |
|---|---|---|---|---|
| Case Name | Industrial Bank of Korea, et al. v. ASI Corporation, et al. | | | |

| Matter | | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| [ X ] Jury Trial  *or*  [   ] Court Trial **(Tuesday at 8:30 a.m.)** Duration Estimate: ___31___ Days | | 6/2/2020 | 12/1/2020 | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* **(Monday at 11:00 a.m. -- three (3) weeks before trial date)** Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | | 5/11/2020 | 11/9/2020 | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 2/24/2020 | 8/24/2020 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 12/2/2019 | 07/03/2020 | |
| Expert Disclosure (Initial) | | 12/16/2019 | 06/15/2020 | |
| Expert Disclosure (Rebuttal) | | 1/20/2020 | 07/20/2020 | |
| Expert Discovery Cut-Off | 14 * | 2/24/2020 | 08/24/2020 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 2/24/2020 | 08/24/2020 | |
| Last Date to Conduct Settlement Conference | 12 | 3/9/2020 | 09/09/2020 | |
| For Jury Trial ♦ File Memorandum of Contentions of Fact and Law, LR 16-4 ♦ File Exhibit and Witness Lists, LR 16-5.6 ♦ File Status Report Regarding Settlement ♦ File Motions *In Limine* | 6 | 4/20/2020 | 10/20/2020 | |
| For Jury Trial ♦ Lodge Pretrial Conference Order, LR 16-7 ♦ File Agreed Set of Jury Instructions and Verdict Forms ♦ File Statement Regarding Disputed Instructions, Verdicts, etc. ♦ File Oppositions to Motions *In Limine* | 5 | 4/27/2020 | 10/27/2020 | |
| For Court Trial ♦ Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

[  ] Attorney Settlement Officer Panel    [ X ] Private Mediation    [  ] Magistrate Judge (with Court approval)

**EXHIBIT A**